UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK WIGHTMAN, D.D.S., COURTNEY
WIGHTMAN, D.D.S. AND       *      CIVIL ACTION NO.:
WIGHTMAN FAMILY DENTAL, L.L.C.    *
                                      *
                                      *
            Plaintiffs          *      JUDGE:
vs.                                    *      SECTION:
                                      *
                                      *
AMERICAN GUARDIAN              *      MAGISTRATE:
INSURANCE SERVICES, INC.       *
           Defendant        *

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## COMPLAINT FOR DAMAGES

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

The Complaint of **MARK WIGHTMAN, D.D.S.** and **WIGHTMAN FAMILY DENTAL, LLC**, with respect represent that:

### PARTIES

1.

Petitioners, **Mark Wightman, D.D.S.,** and **Courtney Wightman, D.D.S**, are both persons of the full age of majority and residents of New Orleans, Louisiana and domiciled in the Parish of Orleans, State of Louisiana.

2.

Petitioner, **Wightman Family Dental, L.L.C.** (hereinafter "Wightman Dental"), a Louisiana limited liability company domiciled in Orleans Parish, State of Louisiana and authorized to do and doing business in the State of Louisiana, with its primary office located in St. Bernard Parish, Louisiana.

3.

The following party is made defendant herein:

**American Guardian Insurance Services** (hereinafter "**Guardian**"), a foreign corporation authorized to do and doing business in the State of Louisiana, with its primary office situated in Warrenville, Illinois.

## JURISDICTION AND VENUE

4.

This Court has diversity jurisdiction over this matter as the amount in controversy exceeds the requisite statutory minimum and involves citizens of the State of Louisiana and a corporation domiciled in the State of Illinois. Venue is proper in this court as the Petitioners are domiciled in the State of Louisiana, and their principal place of business is 2212 Paris Road, Chalmette, Louisiana 70043.

## FACTS

5.

Mark Wightman, D.D.S, Courtney Wightman D.D.S and other Dentists who have worked at Wightman Dental are health care providers under Louisiana Tile 40 (including but not limited to La. R.S. 40:2202 and La. R.S. 40:1231.1).

6.

Guardian is a "Group Purchaser", defined as:

(a) "**Entities which contract for the benefit of their insured**, employees, or members such as insurers, self-funded organizations, Taft-Hartley trust, or employers who establish or participate in self-funded trust or programs.

(b) **entities which serve as brokers for the formation of such contracts, including health care financiers, third party administrators, providers or other intermediaries**. La. R.S. 40:2202(3)(a) and (b).

7.

Since 2007, Petitioners entered into one or more provider agreements and arrangements for PPOs, defined as a "contractual agreement or agreements between a provider or providers and a group purchaser or purchasers to provide for alternative rates of payment specified in advance for a defined period of time in which the provider agrees to accept these alternative rates of payment offered by the group purchasers to their members whenever a member chooses to use its services..." La. R.S. 40:2202(5)(a) and (a)(i).

8.

Since 2007 and until March 2016 Guardian members presented Petitioners a Guardian benefit card at times of service. The fronts of these patient benefit cards indicate Guardian and the Defendant's Preferred Provider Organization (PPO). Between 2007 and until March 2016 Petitioners were paid pursuant to the rate schedule identified on Guardian member's cards and as agreed to pursuant to Petitioners' provider agreements.

9.

Beginning in May and June of 2016 Petitioners terminated their direct provider agreements and PPO arraignments with Guardian; however Petitioners maintained PPO arraignments through Stratose and United Healthcare ("United").

10.

After May 2016, Petitioners' patients continued to present a Guardian benefit card at times of service. However, Petitioners were not paid the fair market value for services provided

after March 2016; instead, Petitioners were paid an alternate rate not specified on members benefit cards which are required by law. The reimbursement rates utilized by Guardian were rates agreed to through PPO arraignments between Stratose, United and Petitioners.

11.

In 2018, Petitioners submitted a complaint to the Louisiana Department of Insurance concerning their claims for services provided as Defendant providers and outlined the specific unlawful acts and omissions of Defendant in violation of LA R.S. 40:2203.1. The Department of Insurance opened a complaint number #H708609 and invited Guardian to respond to Petitioners complaint.

12.

Defendant responded to Louisiana Department of Insurance complaint #H708609 in a letter dated June 30, 2018 and in the letter Guardian stated as follows: "In 2017, in an effort to reduce costs for its members and to expand the number of available participating providers in Louisiana. The Guardian Life Insurance Company ("Guardian") entered into a network leasing agreement with United Healthcare (UHC) whereby Guardian members could access UHC participating providers that were not already part of Guardian's network."

13.

The foregoing correspondence by Guardian confirms that it continued to act as a Group Purchaser and conducts or has conducted "silent PPO" network leasing here in Louisiana. The simple fact that Guardian reimburses providers in Louisiana based on alternative rates of payment, regardless of network, by definition, defines Guardian as a group purchaser under Louisiana law.

14.

In examination of Guardian's explanation of benefits (EOBs), Petitioners found numerous instances in which the EOBs reflected either Stratose or United's contracted PPO pricing rates and not the pricing rates of Guardian as identified on the members benefit cards.

15.

Guardian has "leased" a PPO and/or engaged in a "silent PPO" lease without prior notification to Petitioners, nor without prior notice on the members benefit cards setting forth the alternative PPO pricing, which is prohibited under LA R.S. 44:2203.1. This Statue in relevant part states as follows:

**B. A preferred provider organization's <u>alternative rates of payment</u> shall <u>not</u> be enforceable or binding upon any provider <u>unless</u> such organization is clearly identified on the benefit card** issued by the group purchaser or other entity accessing a group purchaser's contractual agreement or agreements and presented to the participating provider when medical care is provided. **When more than one preferred provider organization is shown on the benefit card** of a group purchaser or other entity, the applicable contractual agreement that shall be binding on a provider shall be determined as follows:

(1) **The first preferred provider organization domiciled in this state,** listed on the benefit card, beginning on the front of the card, reading from left to right, line by line, from top to bottom, that is applicable to a provider

5

on the date medical care is rendered, **shall establish the contractual agreement for payment that shall apply.**

FAULT

16.

LA R.S. 44:2203.1 prohibits the acts and omissions of Defendant in failing to pay Dr.'s Wightman and Wightman Dental the proper reimbursement rate identified on its members benefit cards for services provided and instead, Defendant has contracted with Stratose and United, and Petitioners have been reimbursed an alternative rate without any prior notification simply because Defendant has chosen to secretly contract with Stratose or United.

17.

The deliberate actions of Guardian are violative of Louisiana Law and have resulted in financial losses along with losses of all tangible benefits to Petitioners.

18.

These losses by Petitioners jeopardize the quality of care received by patients, and the ability of health care providers to maintain, update, and expand their facilities to serve their patients and communities and to meet federal and state standards and regulations.

19.

The deliberate actions of Guardian violate the clear legislative concern when creating the Health Care Control law, La. RS: 40:2201. Guardian's actions have resulted in an unlawful windfall for Defendant at the direct expense of Petitioners, in clear violation of LA R.S. 40:2203.1.

20.

Petitioners consider the actions of Defendant to be an ongoing breach and continued violation of LA R.S. 40:2203.1.

21.

Petitioners also contend that they are entitled to recover additional reimbursement funds, in addition to the statutory penalties and damages provision of LA R.S. 40:2203.1(G), because Defendant failed to disclose certain information on member benefit cards at the times of service.

BEACH OF CONTRACT

22.

Defendant's practice of leasing the contracted rates of Stratose and United without any prior notification to providers, (by either member benefit cards or advance written notice),causes any agreement and/or contract to be null and void because the leased rates utilized by Guardian are not its published rates as specified on the members benefit cards. These actions violate the Petitioners' provider agreements with Guardian for the period of May 2012 through March 2016 and also violate Petitioners' agreement for reimbursement for services by Guardian for the period after March 2016.

23.

A contract is a legal obligation whereby one party is bound to render a performance to another; it has the effect of law for the parties, and thus its provisions are enforced, as written, with resultant liability. La C.C. arts. 1756, 1983; *Jefferson Parish School Board v. Rowley Co.,* 305 So. 2d 658 (La App. 4th Cir, 1974). The terms of the Provider Agreement contract are clear and unambiguous, and entitle Petitioners to be paid a specific, agreed upon rate for services rendered.

DAMAGES

24.

As a result of the afore described wanton and willful disregard of the law and its contracts, Defendant is liable unto Petitioners for repayment of all underpayments, fair market value for all services performed and rendered, for mental anguish, emotional distress, worry and concern caused by wrongful reimbursement practices, loss of profits or use, out-of-pocket expenses, as well as all other damages allowed by law, along with attorney's fees, costs, and expenses allowed by law.

25.

In addition, LA R.S. 40:2203.1(G) provides that "failure to comply with the provisions of Subsection A, B, C, D or F of this Section shall subject a group purchaser to damages payable to the provider of double the fair market value of the medical services provided.... together with attorney fees."

26.

Petitioners' damages will be calculated based on the penalty provisions contained in LA R.S. 40:2203.1(G) and the total Guardian EOBs on file with the Petitioners beginning in January 1, 2012 to present date.

DECLARATORY RELIEF

27.

Defendant continues to engage in unlawful billing and reimbursement attempts as more fully outlined hereinabove. Petitioners therefore request that this Court preliminary and permanently enjoin Defendant from engaging further in the billing and reimbursement attempts as outlined hereinabove in addition to paying all damages due the Petitioners.

28.

Petitioners seek to have future payments for services performed with respect to patients with Guardian member benefit cards to be made transparently and at rates identified before services are rendered.

29.

Guardian should practice transparency in Louisiana and disclose in advance any alternative reimbursement rates on its member benefit cards and prior to the time of service, and Guardian should be prohibited from then reimbursing Petitioners using a lesser reimbursement rate silently leased from a third party after services are performed.

WHEREFORE, PETITIONERS, **MARK WIGHTMAN D.D.S., COURTNEY WIGHMAN, D.D.S. AND WIGHTMAN FAMILY DENTAL L.L.C.**, PRAY THAT:

I.     Defendant is duly cited to appear and answer this Complaint and they be served with a copy thereof;

II.    After due proceeded had and the lapse of all legal delays, there be judgment herein in favor of Petitioners, Mark Wightman D.D.S. Courtney Wightman D.D.S. and Wightman Family Dental L.L.C., against the defendant, **American Guardian Insurance Services, Inc.** in the form of:

   A.    A judgment declaring Defendant in violation of the laws due to its practices and has breached its contract with Petitioners;

   B.    A judgment declaring that all actions at law asserted by Defendant should also be deemed unenforceable and reimbursed retroactively to 2012;

C.   A preliminary injunction and permanent injunction enjoining Defendant from engaging in the practice of "silently leasing" a PPO when reimbursing its providers here in Louisiana;

D.   A preliminary injunction and permanent injunction enjoining Defendant from maintaining actions at law in violation of the above-mentioned statutes; and

E.   Damages, attorneys' fees and costs as are reasonable in the premises, specifically provided by LA R.S. 40:2203.1, together with legal interest thereon as allowed by law until paid for all costs of these proceedings.

Respectfully submitted,

**MARTZELL, BICKFORD & CENTOLA**

*/s/ Neil F. Nazareth*
**NEIL F. NAZARETH (#28969)**
**SCOTT R. BICKFORD, T.A. (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**CHRISTOPHER H. CARBINE (#36326)**
**JASON Z. LANDRY (#33932)**
**SPENCER R. DOODY (#27795)**
338 Lafayette Street
New Orleans, LA
Telephone: (504) 581-9065
Facsimile: (504) 581-7635
Email: nfn@mbfirm.com

**AND**

Christian N. Weiler, Bar No. 30116
**WEILER & REES, LLC**
909 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 524-2944
Fax: (504) 524-2969
Email: cweiler@wrtaxlaw.com

**ATTORNEYS FOR PETITIONERS**

**PLEASE PREPARE CITATIONS FOR:**

American Guardian Insurance Services, Inc.
Through its Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

American Guardian Insurance Services, Inc.
At its Principal Business Office:
4450 Weaver Parkway
Warrenville, IL 60555